**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TINA MARIE COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 04cv1428 |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

September 14, 2006

Presently before the Court is the MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Defendant United States Steel Corporation *(Document Nos. 15 and 16)*, the BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT filed by Plaintiff, Tina Marie Collier (*Document No. 22*), and the REPLY BRIEF filed by Defendant (*Document No. 23).*

The issues have been fully briefed and the matter is ripe for disposition.  After a careful consideration of the motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, the Court finds that there is not sufficient record evidence upon which a reasonable jury could return a verdict for Plaintiff, Tina Marie Collier, on her claims of disability discrimination under the Americans with Disabilities Act.   Therefore, the Court will grant the Defendant's motion for summary judgment.

**PROCEDURAL BACKGROUND**

Plaintiff, Tina Marie Collier, ("Plaintiff") brought this lawsuit on September 16, 2004, by the filing of a Complaint against United States Steel Corporation ("Defendant" or

"U.S. Steel") in which she alleges that her former employer, U.S. Steel, wrongfully terminated her employment in violation of the Americans with Disabilities Act ("ADA").

Defendant has filed the instant motion for summary judgment in which it contends that Plaintiff is unable to establish a *prima facie* case of discrimination under the ADA. In the alternative, Defendant contends that assuming *arguendo* that Plaintiff could state a *prima facie* case under the ADA, summary judgment should still be granted in its favor because there is no evidence that Defendant's articulated legitimate, non-retaliatory reason for Plaintiff's discharge (i.e., work restrictions) was false and/or that Plaintiff's "disability" was the real reason for her termination.

## BACKGROUND

As the law requires, all disputed facts and inferences are resolved most favorable to the Plaintiff.

Plaintiff was employed by U.S. Steel at its Research and Technology Center ("Tech Center") in Monroeville, Pennsylvania, from 1996 until her employment was terminated on November 5, 2003. Plaintiff began her employment in the mechanical testing laboratory on September 23, 1996, as an Associate Technician, which position required heavy lifting.

Plaintiff was promoted to an Assistant Technician on April 1, 1998, which position required the same heavy lifting duties as those of an Associate Technician.

Effective March 1, 2000, Plaintiff was promoted to Senior Technician, and remained in that position until the last day she worked. The Senior Technician position required Plaintiff to stand at a computer either pushing buttons or entering data and also required doing repetitive

movements, crouching, and stooping.  Plaintiff's primary responsibility was to perform various tests on steel samples, including tests for hardness, tensile strength, and impact strength. Repetitive bending, repetitive movement, stooping and lifting up to 50 pounds were essential functions of the Senior Technician position.

Plaintiff's last day of work at U.S. Steel was November 5, 2001.  On, or just prior to that day, she began to experience pain in her back for which she sought medical treatment. Initially, Plaintiff was diagnosed with a kidney infection, but later was diagnosed with a degenerative lower back condition which resulted from osteoarthritis of the lower spine and dehydration of several discs.

On or about March 14, 2002,  Karen Kuhns, M.D., the U.S. Steel's company physician, examined Plaintiff to assess her fitness to return to work.  Dr. Kuhns released Plaintiff to return to work with restrictions, which included no lifting greater than 20 pounds, no repetitive movements involving her lower back, no bending, no stooping, or crawling,

Also in March, 2002, Plaintiff's personal physician, Joseph Mollura, M.D., examined the Plaintiff and released her to return to work with restrictions similar to those prescribed by Dr. Kuhns, *i.e.,* no lifting greater than 35 pounds, no repetitive movements, no stooping, crawling, or repetitive bending.

Based upon all the physician-imposed restrictions, U.S. Steel decided that Plaintiff could not return to her position as Senior Technician. However, the human resources manager at the Tech Center encouraged her to check job postings for other jobs at U.S. Steel that fit her qualifications, which by her own admission she checked weekly until her employment terminated on November 5, 2003.

Plaintiff received Supplemental Disability Benefits until May 31, 2003, under a benefits program for non-union employees of U.S. Steel.  In June or July 2003, Plaintiff accepted a position as an insurance agent for Combined Insurance, where she was employed for approximately two (2) months.

In September 2003, Plaintiff began employment as a Maintenance Service Technician with Reliant Energy, where she continues to be employed.   This position requires occasional climbing, frequent bending, occasional crawling, and occasional rotating/twisting.

Prior to her employment with Reliant Energy, Plaintiff was required to undergo a medical evaluation/examination.  She passed the examination and no work restrictions were placed on her.  During her deposition, Plaintiff testified that she did not tell Reliant Energy that she had a back condition because she thought she might not get the job if she told them.

Following a two-year absence from work at U.S. Steel, her status as an employee was terminated on November 5, 2003.

## STANDARD OF REVIEW

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).  The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion.  *Williams*

*v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249).  Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion.  *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

With respect to summary judgment in discrimination cases, the Court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987).

## DISCUSSION

The ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, . . . and other terms, conditions and privileges of employment." 42 U.S.C. § 12112(a).  To establish a *prima facie* case of disability discrimination under the ADA, Plaintiff must establish that she:  (1) has a disability within the meaning of the ADA; (2) is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) was subject to some adverse action as a result of her disability.  *Burskirk v. Apollo Metals*, 307 F.3d

160 (3d Cir. 2002).  U.S. Steel argues that Plaintiff is unable to establish a *prima facie* case of disability discrimination and, therefore, it is entitled to summary judgment.

The ADA defines "disability" as a "physical or mental impairment that substantially limits one or more of the major life activities of [the] individual."  *42 U.S.C. § 12102(2)(A).* In this case, Plaintiff testified that lifting, sleeping, vacuuming and dishwashing, standing, sitting, and various sports activities are the activities substantially limited by her alleged disability.

In "regarded as" cases, the employer must perceive the individual as having an actual disability under the ADA.  *Sutton v. United Air Lines, Inc*., 527 U.S. 471 (1999).

It is undisputed that Plaintiff has a physical impairment, namely osteoarthritis of the lower spine and dehydration of discs in her lower back.  For the purpose of this decision only, the Court finds that Plaintiff has made the requisite showing that she has a disability within the meaning of the ADA.

However, protection under the ADA extends only to "a qualified individual with a disability." *42 U.S.C. § 12112(a)*.  Determining whether an individual is qualified requires a two-part analysis: (i) whether the individual meets the necessary prerequisites for the job, such as education, experience, training, and the like; and (ii) whether the individual can perform the essential job functions, with or without reasonable accommodation.  U.S. Steel does not does not take issue with the first requirement. It is the second prong of this inquiry that is disputed.

An essential function "means the fundamental job duties of the employment position the individual with a disability holds or desires. The term 'essential functions' does not include

the marginal functions of the position." *29 C.F.R. § 1630.2(n)(1).*  Factors to be considered

when determining the essential functions of a job include:

> "(1) the employer's judgment as to which functions are essential;
>
> (2) written job descriptions prepared before advertising or interviewing applicants for the job;
>
> (3) the amount of time spent on the job performing the function;
>
> (4) the consequences of not requiring the incumbent to perform the function; and
>
> (5) the current work experience of incumbents in similar jobs."

*29 C.F.R. § 1630.2(n)(3).*

According to U.S. Steel, the essential functions of Plaintiff's position as Senior

Technician entail repetitive bending, repetitive movement, stooping, and lifting up to 50

pounds.  In fact, Plaintiff testified that she could not do the Senior Technician job without

repetitive movements.  (*Collier Depo., pp. 173-174.*)

Furthermore, the summary judgment evidence reflects that two physicians placed

lifting restrictions upon Plaintiff, *i.e.,* 20 and 35 pounds respectively.  Plaintiff testified that she

cannot lift anything "heavy" because it causes pain in her back, although she did not specify

what "heavy" is.  (*Collier Depo., p. 134.*)  Plaintiff also testified that, at the time she was

requesting to return to work at U.S. Steel, lifting her 23-pound daughter would aggravate her

back.

Additionally, it is undisputed that both medical authorizations restricted Plaintiff

from bending over, stooping, or doing repetitive movements which involved her lower back.

Interestingly, Plaintiff testified in her deposition that she believed that she could do

her job with reasonable accommodations based upon the equipment that was readily available

in the shop.  (*Collier Depo. at pp. 171-72.*)  However, the summary judgment record reflects that Plaintiff never asked for such any such accommodation.  The summary judgment record does reflect, however, that U.S. Steel fulfilled its duty to initiate the interactive process by offering Plaintiff the opportunity for reassignment to another vacant position within the company, although Plaintiff testified that she never found another position for which she was qualified.

The Court finds that there is no genuine issue of material fact as to Plaintiff's non-qualified status for the Senior Technician position.  The undisputed essential functions of Plaintiff's position as Senior Technician entail repetitive bending, repetitive movement, stooping, and lifting up to 50 pounds.  Plaintiff testified that she could not do the Senior Technician job without repetitive movements and Plaintiff has not been released by her physicians to lift more than 20, 35 pounds, respectively.  Accordingly, the Court finds that Plaintiff has failed to demonstrate the necessary second prong of her *prima facie* case.

However, assuming *arguendo* that Plaintiff was able to meet all three requisite prongs of her *prima facie* case, the Court finds that summary judgment in Defendant's favor would still be appropriate.

The familiar burden-shifting framework of *McDonnell Douglas* applies to ADA claims when there is no direct evidence of discrimination.  Once a *prima facie* case has been established, the burden of production shifts to Defendant to articulate a legitimate, non-discriminatory reason for its employment action. Defendant satisfies its burden of production by introducing evidence that, if taken as true, would permit the conclusion that there was a non-discriminatory reason for its decision.  *See Showalter v. Univ. of Pittsburgh Med.*

*Ctr.*, 190 F.3d 231, 235 (3d Cir. 1999).  The final burden of persuasion is on the Plaintiff, who must present evidence that the Defendant's proffered reasons for its actions are a pretext for discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

Defendant contends that Plaintiff's employment was terminated because Plaintiff had medical restrictions which prevented her from performing the essential functions of her job as Senior Technician.  In order to discredit Defendant's articulated reason, Plaintiff need not produce evidence that necessarily leads to the conclusion that her employer acted for a discriminatory reason.  *See Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108-9 (3d Cir. 1997) ("The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination"). Plaintiff may survive summary judgment by submitting evidence from which a factfinder could reasonably either: (1) disbelieve the employer's articulated reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's actions. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).  Specifically, Plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them "unworthy of credence," and hence infer that the employer did not act for the asserted non-discriminatory reasons.  *Fuentes,* 32 F.3d at 765.

While Plaintiff baldly alleges that U.S. Steel's actions were pretextual, the record, however, is completely devoid of any evidence of pretext.  In fact, Plaitniff's work restrictions are undisputed and Plaintiff repeatedly admitted during her deposition that U.S. Steel's decision not to return her to the Senior Technician position was based solely on her work restrictions.

(*See Collier Depo., at pp. 178, 190)*.  Plaintiff testified during her deposition that she "did not know what U.S. Steel thought about her condition" and that she knew that "she was not permitted to return from sick leave after her doctor released her to return to work with restrictions."  (*Collier Depo., at pp.152-54*).

After careful review of the record, this Court concludes that Plaintiff has presented no evidence to create a genuine issue of material fact regarding the credibility of Defendant's legitimate non-discriminatory reasons for terminating her employment. Nor has Plaintiff presented evidence suggesting inconsistency, contradictions, incoherencies, or implausibilities in the Defendant's proffered reason for Plaintiff's termination.

While Plaintiff's termination was unfortunate, the Court has not found any evidence of record to support an inference of discrimination. For all the foregoing reasons, the Court finds that Defendant is entitled to summary judgment because Plaintiff has not produced adequate evidence from which a reasonable factfinder could conclude that Defendant's legitimate business reason was pretext or that its real motivation was discriminatory animus on the basis of disability.

## CONCLUSION

Viewing the facts in the light most favorable to Plaintiff, the Court finds that she has failed to establish a *prima facie* case of disability discrimination.  In the alternative, the Court finds that Plaintiff has presented no evidence to create a genuine issue of material fact regarding the credibility of Defendant's legitimate non-discriminatory reasons for terminating her

employment. Accordingly, summary judgment will be granted as to Plaintiff's claims of disability discrimination.

      An appropriate Order follows.

                    McVerry, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TINA MARIE COLLIER,                    )
                                       )
                    Plaintiff,         )
                                       )
          v.                           )          02: 04cv1428
                                       )
UNITED STATES STEEL CORPORATION,       )
                                       )
                    Defendant.         )

**ORDER OF COURT**

AND NOW, this 14th day of September, 2006, in accordance with the foregoing

Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the

Motion for Summary Judgment filed by Defendant United States Steel Corporation is

**GRANTED** and judgment is hereby entered in favor of Defendant,  United States Steel

Corporation.

The clerk is ordered to docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Jerome J. Kaharick, Esquire
        Jerome J. Kaharick & Associates
        Email: jkaharick@verizon.net

        Michael Csonka, Esquire
        Jerome J. Kaharick & Associates
        Email: Michael_Csonka@yahoo.com

        Mark A. Larson, Esquire
        United States Steel Corporation
        Email: malarson@uss.com